United States District Court
Southern District of Texas

**ENTERED**

July 21, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **ALEX JAVIER QUILUMBA** | § | |
| **COLLAGUAZO,** | § | |
|     **Petitioner,** | § | |
| | § | |
| | § | **CIVIL ACTION NO. 5:26-CV-00302** |
| **V.** | § | |
| | § | |
| **MARIO GARCIA,** *ET AL.*, | § | |
|     **Respondents.** | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Petitioner's Verified Petition for Writ of Habeas Corpus, (Dkt. No. 1), and Respondents' Motion for Summary Judgment, (Dkt. No. 10). Petitioner challenges his continued detention in federal immigration custody. After considering the petition, the motion, and applicable law, the Court concludes that Respondents' motion should be granted and the petition dismissed.

A "court shall grant summary judgment if the movant shows that there is no genuine dispute of any material fact, and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must consider the record as a whole to determine whether a genuine dispute exists. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). However, the Court must view the facts in the light most favorable to the non-moving party. *Valderas v. City of Lubbock*, 937 F.3d 384, 389 (5th Cir. 2019).

Petitioner is a citizen of Ecuador. (Dkt. No. 1 at 13).[1] He entered the United States without inspection in 2023 and later turned himself in to immigration authorities. (Dkt. No. 10-1 at 1). After turning himself in, Petitioner was served a Notice to Appear and released on his own recognizance. (*See id.*; Dkt. No. 10 at 2). In 2024, Petitioner applied for asylum. (Dkt. No. 1 at 14). While in the United States, Petitioner "was gainfully employed as a welder, was taking English as a Second Language (ESL) classes to improve his language abilities, and received numerous Occupational Safety and Health

---

[1] When citing to the page numbers of any document in the record, the Court will cite to the page numbering of the Court's internal CM/ECF docket system, and not to the page numbers in the underlying documents.

Administration (OSHA) certifications after completing training courses relevant to his field. (*Id.* at 14–15).

On January 6, 2026, Petitioner was detained by immigration officials at his home. (*Id.* at 15). Petitioner subsequently filed a habeas petition, seeking relief for his detention without a bond hearing. S*ee Quilumba Collaguazo v. Garcia*, No. 5:26-CV-00076, pet. (S.D. Tex. Jan. 20, 2026). His petition was granted, and the court ordered a bond hearing. *Quilumba Collaguazo v. Garcia*, No. 5:26-CV-00076, Dkt. No. 5 (S.D. Tex. Jan. 27, 2026). Petitioner received a bond hearing on February 2, 2026, in the Laredo Immigration Court. (*See* Dkt. No. 1-1).

At Petitioner's bond hearing, he was denied bond on the basis of flight risk. (Dkt. No. 1-1 at 15). On the record, the Immigration Judge (IJ) stated three reasons for the decision: "Respondent did enter the United States in 2023, therefore does not have a significant amount of time in the United States"; "concerns that the [sponsor] that has been offered does not reside in the same state with the Respondent"; and "Respondent [has] no viable relief in the United States, which then makes him a flight risk." (*Id.* at 13–14). Petitioner reserved appeal of the bond decision, but no appeal was filed with the Board of Immigration Appeals (BIA). (*See* Dkt. No. 10 at 3).

On March 2, 2026, Petitioner filed the instant petition for a writ of habeas corpus, asserting that his continued detention violates his rights to procedural due process under the Fifth Amendment Due Process Clause. Petitioner characterizes his claim as a constitutional challenge, and not a "review" of a denial of bond. (Dkt. No. 11 at 9–10). He requests, among other things, that the Court declare his detention unlawful, order his immediate release or a bond hearing, and award reasonable attorney's fees.

Respondents move for summary judgment. First, they argue that Petitioner failed to exhaust his remedies prior to filing the petition. Second, they argue that the Court lacks jurisdiction to review discretionary IJ decisions under 8 U.S.C. § 1226(e). Third, they argue that Petitioner is subject to mandatory detention under *Buenrostro v. Bondi*. Finally, they argue that Petitioner's detention does not violate due process.

The Court begins by addressing jurisdiction. Section 1226(e) deprives the Court of jurisdiction to review discretionary bond decisions by an IJ. This provision states that "[t]he Attorney General's discretionary judgment regarding the application of this section

2 / 3

shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole." 8 U.S.C. § 1226(e); *see also Fuentes v. Lyons*, 808 F. Supp. 3d 733, 737 (S.D. Tex. 2025) (citing *Nielsen v. Preap*, 586 U.S. 392, 401 (2019)). Respondents argue that this provision deprives the Court of jurisdiction to hear Petitioner's claims. Petitioner maintains that he does not seek review of his bond denial.

The Court agrees with Respondents that the Court cannot review Petitioner's claim because his continued detention is the result of the IJ's discretionary decision to deny bond. Upon review of evidentiary record submitted to the Court, Petitioner received a bond hearing and review of his custody. While the bond hearing he received was a result of a court order, the IJ stated on the record that it was a determination made under Section 1226(a). (Dkt. No. 1-1 at 12). Petitioner characterizes his claim as a constitutional challenge, however, in effect, Petitioner's claim challenges how the IJ weighed evidence at his custody redetermination. Furthermore, Petitioner has not shown that his bond hearing was constitutionally inadequate, nor has he presented a claim that could not be considered by the BIA on appeal given that the IJ's bond decision was made under Section 1226.[2] For these reasons, Respondents' motion to dismiss for lack of jurisdiction is granted.

For the reasons stated above, Respondents' Motion for Summary Judgment, (Dkt. No. 10), is **GRANTED**. Petitioner's Verified Petition for Writ of Habeas Corpus, (Dkt. No. 1), is **DENIED.** All other relief requested by Petitioner is **DENIED**.

A final judgment will follow.

It is so **ORDERED**.

**SIGNED** on July 21, 2026.

_____
John A. Kazen
United States District Judge

---

[2] The Court notes that 8 C.F.R. § 1003.19(e) serves as a vehicle to request a subsequent bond determination "upon a showing that the alien's circumstances have changed materially since the prior bond redetermination." 8 C.F.R. § 1003.19(e).